| |
|---|
| **BSP GIGI LLC v Dixon** |
| 2026 NY Slip Op 30008(U) |
| January 14, 2026 |
| Civil Court of the City of New York, Bronx County |
| Docket Number: Index No. L&T-327349-25/BX |
| Judge: Agata E. Rumprecht-Behrens |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |



Civil Court of the City of New York          Index #  **LT-327349-25/BX**
County of Bronx, Part G

BSP GIGI LLC
                                Petitioner(s)          **Decision / Order**
        -against-          Mot Seq 1
REVESE DIXON; John Doe; Jane Doe
                            Respondent(s)

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:

| Papers | Numbered |
|---|---|
| Order to show Cause/ Notice of Motion and Affidavits /Affirmations annexed | NYSCEF 8-14 |
| Answering Affidavits/ Affirmations | NYSCEF 15-16 |
| Reply Affidavits/ Affirmations | NYSCEF 17-19 |

This is a summary nonpayment proceeding. Petitioner seeks to recover the premises known as 1765 Townsend Avenue, Apt 9-I, Bronx, NY 10453.

Respondent Dixon appears by counsel and seeks dismissal of the proceeding on the basis that the predicate rent demand is defective as it fails to comply with the Coronavirus Aid, Relief, Economic Security Act (CARES Act, 15 USC 9001, *et. Seq.*). Specifically, Dixon claims that because the subject premises are subject to a federally backed mortgage, respondents were entitled to receive a 30-day notice rather than the 14-day rent demand that was served on them.

*15 USC 9058(c)(1)* states that a lessor in a "covered unit" cannot be required to vacate the unit unless they are given 30-day notice. *See 1652 Popham Associates, LLC v. Mendez*, Index No. LT-303386-24/BX [August 7, 2024]. A "covered unit" is a property that has a federally backed multifamily mortgage loan which is defined as any loan that is "secured by a first or subordinate lien on residential multifamily real property designed principally for the occupancy of 5 or more families… and…is purchased or securitized by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association." *See 15 USC 9058(a)(5).*

Here, it is undisputed that the subject property is subject to a federally backed multifamily mortgage loan. It is also undisputed that the mortgage was assigned to Federal National Mortgage Association in 2019. However, petitioner argues that petitioner is not subject to the CARES Act because "Petitioner's mortgage originated with a private lender, and not a federally backed mortgage" and as such "Respondent should not be permitted to read the requirement of the CARES Act onto Petitioner" *See NYSCEF 15 Affirmation in Opposition, Para 8*. Petitioner does not cite any statutory authority or case law to support this position. The language of CARES Act is specific – it states, in relevant part, that the covered dwelling is on that is "purchased or securitized" by a federally backed mortgage. There are no exceptions in the statute for buildings whose mortgages originated with a private lender that were later purchased or assigned to a federally backed mortgage lender.

The subject property's mortgage was assigned to Federal National Mortgage Association in 2019. Therefore, at the time the 14-rent demand issued in July of 2025, the property was subject to the CARES Act. Since the building was subject to the CARES Act, petitioner should have issued a 30 day notice rather than the 14-day rent demand.

A rent demand must advise the tenant of their obligation to pay the rent or to vacate the premises. Several courts have held that the CARES Act provisions apply to rent demands served in nonpayment proceedings. *See Belplain Realty Co. Inc. v* Caro, 85 Misc3d 1278(A) (Civ Ct Bx Co 2025); *Andrews Plaza Housing Associates LP v Rodriguez*, Index No. LT 310838-23/BX [August 15, 2023].

Here, petitioner served a 14-day rent demand where it should have served a 30-day notice. The predicate notice does not meet the CARES Act requirement and therefore is defective. Petitioner fails to state a cause of action because the predicate notice is defective. A predicate notice cannot be amended and therefore this proceeding must be dismissed. *See Chinatown Apartments Inc v Chu Cho Lam*, 433NYS2d 86 (1980).

Accordingly, Dixon's motion is granted, and the proceeding is dismissed without prejudice.

This constitutes the Decision/Order of the court.

Date: January 14, 2025                                    Hon. Agata E. Rumprecht-Behrens
                                                               Housing Court Judge

January 14, 2026                                         **Hon. A. Rumprecht-Behrens**
**DATE**

| CHECK ONE: | x | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
| MOTION SEQ. #1 | x | GRANTED | DENIED | GRANTED IN PART | | OTHER |
| CHECK IF APPROPRIATE: | | SETTLE ORDER | | SUBMIT ORDER | | STAY CASE |
| | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |
| NOTES | | | | | | |

[* 2]